UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
UNITED STATES OF AMERICA,          )
                                   )
    v.                             )   CR. No. 12-110 S
                                   )
CARLOS GONZALEZ,                   )
                                   )
        Petitioner.                )
_____)

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Petitioner Carlos Gonzalez has filed a Motion to Vacate sentence (ECF No. 33) pursuant to 28 U.S.C. § 2255. For the reasons stated below, the motion is DENIED and his application is DISMISSED.

On April 5, 2013, Gonzalez pleaded guilty to possession with intent to distribute one kilogram or more of heroin. As part of his plea, Gonzalez admitted that he possessed, with intent to distribute, 1.322 kilograms of heroin, triggering a ten-year mandatory minimum sentence. As part of his plea agreement, Gonzalez agreed to waive his right to appeal his conviction and the sentence imposed by the Court, if the Court sentenced Gonzalez within or below the range set forth in the Federal Sentencing Guidelines. (Plea Agreement ¶ 11, ECF No.

17.)[1]  The Court sentenced Gonzalez to 168 months in prison, well below the guideline range of 262 to 327 months.  After imposing this sentence, the Court reminded Gonzalez that he had waived his right to appeal.  (Sentencing Hr'g Tr. 25, Apr. 5, 2013, ECF No. 50.)  Despite this reminder, Gonzalez claims that immediately after his sentencing hearing concluded, he requested that his attorney, George West, file an appeal.  (Decl. of Carlos Gonzalez ¶ 1, ECF No. 33-2.)

Gonzalez now argues that he was afforded constitutionally defective counsel because his attorney did not file a requested appeal.  Additionally, Gonzalez asserts that the Court violated Alleyne v. United States, 133 S. Ct. 2151 (2013), when it sentenced him.  Neither claim has merit.[2]

First, Gonzalez argues that his trial counsel was defective in failing to file a notice of appeal.  To succeed in his ineffective assistance of counsel argument, Gonzalez must show

---

[1] During his plea colloquy, Gonzalez stated that he understood he was waiving his right to appeal if sentenced at or below the sentencing guideline range.  (Change of Plea Hr'g Tr. 7-8, Aug. 30, 2012, ECF No. 37.)

[2] The Court has determined that no evidentiary hearing is necessary to determine this motion, since Gonzalez's allegations are conclusively refuted by the files and records of the case. United States v. Carbone, 880 F.2d 1500, 1502 (1st Cir. 1989) ("A hearing is not necessary in cases where a § 2255 motion '(1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" (quoting Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974))).

that "counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Additionally, when a case involves an argument that trial counsel did not follow a defendant's instruction to file an appeal, to prove prejudice "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000). Gonzalez correctly asserts that a lawyer acts in a professionally unreasonable manner when he ignores a specific request to file a notice of appeal. Id. at 477. "Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes." Id. Under Flores-Ortega, counsel must "consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480.

In Flores-Ortega, notes from the trial attorney indicated that the petitioner had requested his attorney file an appeal. Id. at 474. Here, the opposite is true, and the facts surrounding the case establish that Gonzalez made no request for

3

an appeal. Indeed, the factual timeline articulated by Gonzalez makes no sense. First, Gonzalez claims he requested his attorney file an appeal immediately after his sentencing hearing, and that counsel agreed to do so. (Decl. of Carlos Gonzalez § 1, ECF No. 33-2.) However, immediately prior to concluding the sentencing hearing, the Court reminded Gonzalez that his right to appeal had been waived. (Sentencing Hr'g Tr. 25, ECF No. 50.) It defies logic that seconds after the Court reminded Gonzalez that he had waived his right to appeal, Gonzalez requested his attorney file such an appeal, and his attorney agreed to do so.[3] Second, Gonzalez's attorney supplied the Court with an affidavit indicating that Gonzalez never requested that he file an appeal. (Decl. of George West ¶¶ 1-9, ECF No. 41-2.) The Court is satisfied that Gonzalez understood his right to appeal had been waived, and thus he never requested that his attorney file a notice of appeal.

Gonzalez's second challenge fares no better. In Alleyne, the Supreme Court held that any fact which increased the mandatory minimum sentence for a crime must be submitted to the jury. Alleyne, 133 S. Ct. at 2155. Here, Gonzalez pleaded guilty to possessing with intent to distribute more than a kilogram of heroin, and thus admitted the fact that specifically

---

[3] This appeal waiver was also contained in Gonzalez's plea agreement, and he acknowledged the waiver during his plea colloquy.

imposed the mandatory minimum sentence he faced. Reading Gonzalez's application broadly, it is possible he is arguing that his status as a career offender was not proved beyond a reasonable doubt. Even if this were the argument presented by Gonzalez, it too fails. <u>United States v. Carrigan</u>, 724 F.3d 39, 51 n.4 (1st Cir. 2013) (holding that status of defendant as armed career criminal need not be submitted to jury post-<u>Alleyne</u>).

For the foregoing reasons, Gonzalez's petition is hereby DENIED and DISMISSED.

<u>RULING ON CERTIFICATE OF APPEALABILITY</u>

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this Court hereby finds that this case is <u>not</u> appropriate for the issuance of a certificate of appealability ("COA") because Gonzalez has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Gonzalez is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See Rule 11(a), Rules Governing Section 2255 Proceedings.

IT IS SO ORDERED:

/s/ WESmith

William E. Smith
Chief Judge
Date: February 10, 2015